FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 23 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Hon. Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ25-812 |
| Plaintiff | COMPLAINT for VIOLATIONS |
| v. | Title 18, U.S.C. Section 922(g)(5) |
| JOSE MANUEL MORALES GUERRERO | |
| Defendant. | |

BEFORE, MICHELLE L. PETERSON, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Possession of a Firearm by a Prohibited Possessor)

On or about December 22, 2025, in King County, within the Western District of Washington, JOSE MANUEL MORALES GUERRERO, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting

Complaint - 1
*United States v. Guerrero*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interstate and foreign commerce, a firearm, that is a Glock 19 pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

And the complainant states that this Complaint is based on the following information:

I, Alex Rutherford, being first duly sworn on oath, depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). Specifically, I am a Special Agent (SA) with Homeland Security Investigations (HSI) within the United States Department of Homeland Security (DHS). As a special agent, I am authorized to investigate and enforce violations of federal criminal statutes, including those in Titles 8, 18, and 21 of the United States Code. I have been a special agent with HSI since April 2023. I was trained to conduct investigations relating to violations of federal law including the manufacturing and trafficking of controlled substances and money laundering through the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to my employment with HSI, I served as a sworn peace officer with the City of Atlanta Police Department for approximately five years. While serving as an Atlanta Police Officer I assisted in and conducted investigations and enforcement actions to identify, arrest, and prosecute persons involved in criminal acts. I received a bachelor's degree in criminal justice at the University of Georgia in 2018.

2. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge

Complaint - 2
*United States v. Guerrero*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the events and circumstances described herein; and information gained through my training and experience.

3.    Because this Complaint is submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JOSE MORALES GUERRERO has committed the offense of Possession of a Firearm by a Prohibited Possessor in violation of Title 18, United States Code Section 922(g)(5).

## SUMMARY OF PROBABLE CAUSE

4.    In December 2025, I debriefed a source of information (SOI) who advised that he/she was familiar with a male subject selling cocaine in the Tukwila, WA area. The SOI positively identified that subject as JOSE MANUEL MORALES GUERRERO by way of a Washington Driver's license photo of MORALES GUERRERO.

5.    According to the SOI, MORALES GUERRERO spoke with the SOI and informed them that MORALES GUERRERO had narcotics for sale. The SOI met with MORALES GUERRERO at MORALES GUERRERO's basement residence at 14928 41st Pl S, Tukwila, WA, 98168, where MORALES GUERRERO brought the SOI into his bedroom. The SOI described the location of the bedroom inside the residence (later identified as room H during the search warrant). Inside the bedroom the SOI observed MORALES GUERRERO pull approximately 3 ounces of cocaine from a nightstand located next to the bed. The SOI also observed a Glock style pistol with a laser and extended magazine in plain view on the same nightstand. The SOI and MORALES GUERRERO discussed the prices for the purchase of the cocaine. MORALES GUERRERO stated that he was from Mexico.

6.    Using this information, I applied for and received a state search warrant for the basement residence at 14928 41st Pl S in Tukwila, WA.

Complaint - 3
*United States v. Guerrero*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.     I and a HSI Intelligence Analyst conducted numerous records checks of MORALES GUERRERO. Results from the records checks yielded no indication that he was a U.S. Citizen or otherwise lawfully in the United States. Due to the lack of information from these checks coupled with information received from the SOI, I determined that MORALES GUERRERO was likely present in the United States without status and was an illegal alien under federal law.

8.     On December 22, 2025, I instructed the SOI to contact MORALES GUERRERO and ask to buy 1 ounce of cocaine. MORALES GUERRERO indicated that he would sell an ounce of cocaine to the source and asked for the SOI's location. The SOI provided the location of a restaurant in Tukwila, WA. I, and other agents from HSI and the Drug Enforcement Administration (DEA), followed MORALES GUERRERO as he operated an Acura TLX bearing WA Tag: CPM2679 from the residence at 14928 41st Pl S to the restaurant.

9.     Based on the SOI's previous interactions with MORALES GUERRERO, the previously agreed upon sale of cocaine, and MORALES GUERRERO's travel to the location provided by the SOI for the purpose of completing the sale, probable cause was established that MORALES GUERRERO was in violation of Washington State narcotics laws and law enforcement officers of Tukwila Police Department (TPD) conducted a takedown of the vehicle operated by MORALES GUERRERO in the parking lot at the restaurant.

10.     Due to the possibility that MORALES GUERRERO was armed, based on the information provided by the SOI, TPD officers conducted a high-risk stop tactic to take MORALES GUERRERO into custody. TPD officers stopped the vehicle and pulled behind it. Officers activated their emergency lights, indicating that they were the police. Officers announced, in Spanish, that the occupants of the vehicle were under arrest and ordered them to put their hands up. The driver was compliant and exited the vehicle. TPD

Complaint - 4
*United States v. Guerrero*

officers positively identified the driver as MORALES GUERRERO based on information provided by HSI. Officers also observed a second male exit the vehicle.

11. TPD officers placed MORALES GUERRERO in handcuffs. Officers patted MORALES GUERRERO down for weapons on his person and asked him in Spanish if he had weapons on his person. MORALES GUERRERO answered that he did not. Due to the presence of the second male being in range of re-entering the vehicle and not being restrained, officers asked MORALES GUERRERO if there were any guns in the vehicle. MORALES GUERRERO answered yes.

12. HSI agents read MORALES GUERRERO Miranda rights in Spanish following his arrest. He asked to speak with a lawyer immediately and no interview was conducted.

13. TPD officers brought a K9 trained to detect narcotics to the vehicle. The K9 was run around the exterior of the vehicle and positively alerted to the presence of narcotics during the examination of the vehicle.

14. With the statement made to police by MORALES GUERRERO during his arrest, the positive K9 alert for the presence of narcotics in the vehicle, together with the other facts described above, HSI agents searched the vehicle.

15. I observed and recovered a Glock 19 pistol wedged in between the driver's seat in the vehicle and the center console area within reach of the driver. The firearm appeared to function as I cleared it. A magazine containing 9mm ammunition was removed from the firearm and it was seized as evidence along with the firearm. The pistol appeared to exactly match the description of the pistol described by the SOI which the SOI observed in the bedroom of MORALES GUERRERO at the basement residence of 14928 41st Pl S.

16. Based on my training and experience, Glock 19 pistols are not manufactured in the State of Washington. Accordingly, there is probable cause to believe

Complaint - 5
*United States v. Guerrero*

the firearm seized from MORALES GUERRERO had been shipped and transported in interstate and foreign commerce.

17. Law enforcement served the state search warrant at the basement residence of 14928 41st Pl S. Law enforcement recovered 9mm ammunition from room H inside the residence. Agents also took a photograph of a Mexican Voter ID located in room H. The Mexican ID card, which was located in a tray with what appeared to be white powdery narcotics residue, had a photo of MORALES GUERRERO as well as the full name, "JOSE MANUEL MORALES GUERRERO," and the date of birth of June 11, 1998. The name and date of birth are the same as MORALES GUERRERO's Washington driver's license.

18. I transported MORALES GUERRERO from TPD to the Federal Detention Center. While enroute to the Federal Detention Center with MORALES GUERRERO, I advised him that he was being arrested for possession of a firearm. MORALES GUERRERO then explained in English and Spanish that he bought the firearm after he was robbed at a 7-Eleven in the past.

19. As part of the routine processing at the Federal Detention Center certain biographic questions are asked. I used a contracted government translator to ask questions in Spanish to complete the required standard booking information before Bureau of Prisons Officers could take custody. When asked "where were you born," MORALES GUERRERO responded "Mexico." When asked "of what country are you a citizen," MORALES GUERRERO responded "Mexico."

///

///

///

Complaint - 6
*United States v. Guerrero*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.    Based on the above facts, I respectfully submit that there is probable cause to believe that MORALES GUERRERO did knowingly and intentionally commit the aforementioned offense, in violation of Title 18, United States Code, Section 922(g)(5).

Alex Rutherford, Complainant
Special Agent
Homeland Security Investigations

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 23rd day of December, 2025.

HON. MICHELLE L. PETERSON
United States Magistrate Judge

Complaint - 7
*United States v. Guerrero*